HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BLUTOOTH SIG, INC., a Delaware corporation,

Plaintiff,

v.

FCA US LLC, a Delaware limited liability company,

Defendant.

Case No. 2:18-cv-01493-RAJ

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

## I. INTRODUCTION

This matter is before the Court on Plaintiff's motions to compel. Dkt. # 44. For the reasons below, the Court **GRANTS in part** and **DENIES in part** the motions.

## II. BACKGROUND

Plaintiff Bluetooth SIG, Inc. ("Plaintiff or "SIG") owns trademarks for BLUETOOTH, BLUETOOTH & B Design, and "B Design" (collectively, the "BLUETOOTH Marks"). Dkt. # 44. To date, the SIG has granted licenses to use the BLUETOOTH Marks to more than 34,000 member companies. *Id.*

Defendant FCA US LLC ("Defendant" or "FCA") is a North American automotive manufacturer of brands such as Fiat, Chrysler, Dodge, Jeep, and Ram. *Id.* FCA claims that among the myriad of components in its automobiles are radio head unit components, some of which are Bluetooth-enabled. *Id.* FCA claims to have purchased these radio head

ORDER – 1

unit components from various third-party suppliers that had already secured licenses from SIG. *Id.*

SIG brings claims against FCA for (i) trademark infringement, counterfeiting, and dilution; (ii) unfair competition; (iii) and violations of the Washington Consumer Protection Act. Dkt. # 1. On December 10, 2018, SIG propounded its First Set of Requests for Production on FCA, and requested, among other things, the production of financial documents reflecting FCA's wholesale and retail fees or prices charged for its products, FCA's gross sales revenues, profits, and costs, and FCA's volume for each unit sold on a monthly basis since each such good or service was first offered using the SIG's marks (the "Requested Documents"). Dkt. # 44. The parties dispute the relevance of the requested documents. *Id.*

### III. DISCUSSION

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any relevant discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

A. **Disputed Discovery Request**

i. **Request for Production No. 5**

In its Request for Production ("RFP") No. 5, SIG seeks "DOCUMENTS sufficient to show the wholesale and retail fees or prices charged for each of YOUR GOODS AND SERVICES." Dkt. # 44 at 5.

ORDER – 2

Here, SIG claims that documents relating to the wholesale and retail fees or prices charged by FCA for its products are integral to the SIG's ability to perform an accounting and compute its damages. *Id.* at 6. FCA objects to this request for production, arguing that discovery of FCA's financial information as to its automobiles is not proportional to the needs of the case. *Id.* at 7-8. The Court disagrees with FCA's assertion that SIG may not be awarded discovery without first presenting evidence of the "commercial magnetism" of the BLUETOOTH marks. *Id.* FCA appears to admit the use of BLUETOOTH marks to inform consumers that the radio head unit components installed in FCA's automobiles use Bluetooth technology. *Id.* The prices charged by FCA for products alleged to be using or advertising the use of BLUETOOTH-equipped products is reasonably relevant to SIG's claims. Fed. R. Civ. P. 26(b)(1). However, the Court will **DENY** SIG's motion to compel production because RFP No. 5, as written, is overly broad and unduly burdensome.

ii. **Request for Production No. 15**

SIG seeks "DOCUMENTS sufficient to show the gross sales revenues, profits, and costs for each of YOUR GOODS AND SERVICES on a monthly basis since each such good or service was first offered USING the BLUETOOTH MARKS." Dkt. # 44 at 9.

SIG claims that the documents sought by this request are directly relevant to the SIG's computation of damages, a portion of which will comprise of disgorgements of FCA's profits. *Id.* at 10. Moreover, SIG argues request is as narrowly tailored, demanding only those documents from the time period from which FCA began misappropriating the SIG's BLUETOOTH Marks. *Id.* FCA reiterates its contention that discovery should not be rewarded without first presenting evidence of the "commercial magnetism" of the BLUETOOTH marks. *Id.* at 12. For the reasons previously stated, this argument is unpersuasive. Accordingly, the Court **GRANTS** SIG's motion to compel.

iii. **Request for Production No. 16**

SIG seeks "DOCUMENTS sufficient to show the volume of each of YOUR GOODS AND SERVICES sold on a monthly basis since each such good or service was

ORDER – 3

first offered USING the BLUETOOTH MARKS." *Id.* at 13.

SIG claims that the documents sought by this request are directly relevant to the SIG's computation of damages, a portion of which will comprise of disgorgements of FCA's profits. *Id.* at 15. FCA again claims that discovery should not be rewarded without first presenting evidence of the "commercial magnetism" of the BLUETOOTH marks. For the reasons previously stated, this argument is unpersuasive. Accordingly, the Court **GRANTS** SIG's motion to compel.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** SIG's motions to compel. Dkt. # 44.

DATED this 4th day of October, 2019.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4