1

2

HONORABLE RICHARD A. JONES

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

WESTERN DISTRICT OF WASHINGTON

11

SEATTLE DIVISION

12

13

BLUETOOTH SIG, INC., a Delaware
corporation;

14

15

Plaintiff,

16

v.

17

FCA US LLC, a Delaware limited
liability company,

18

19

Defendant.

Case No. 2:18-cv-01493-RAJ

**FCA US LLC'S AMENDED
ANSWER AND COUNTERCLAIMS
FOR CANCELLATION**

20

21

22

**<u>AMENDED ANSWER</u>**

23

Defendant FCA US LLC, formerly known as Chrysler Group LLC

24

("FCA" or "Defendant") responds to the individually numbered paragraphs

25

of the Complaint filed by Plaintiff Bluetooth SIG, Inc. ("SIG" or

26

"Plaintiff") on October 11, 2018 (ECF No. 1) as follows:

27

28

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 1 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600



**INTRODUCTION**

1.     Answering Paragraph 1 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies them.

2.     Answering Paragraph 2 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies them.

3.     Answering Paragraph 3 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies them.

4.     Answering Paragraph 4 of the Complaint, FCA admits that it is a North American automotive vehicle manufacturer that sells vehicles under the Fiat, Chrysler, Dodge, Jeep, and Ram brands and that a number of its vehicles incorporate products that have passed the Bluetooth Qualification Process.  FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 4 and, therefore, denies them.  FCA states further that it has no obligation to submit its "automobiles" to the Bluetooth Qualification Process.  Except as expressly admitted, FCA denies the remaining allegations in Paragraph 4.

5.     Answering Paragraph 5 of the Complaint, FCA admits that Plaintiff has filed the complaint in this action seeking the relief requested in its complaint.  Except as expressly admitted, FCA denies all of the allegations in Paragraph 5.

**THE PARTIES**

6.     Answering Paragraph 6 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies them.



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 2 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

7.      Answering Paragraph 7 of the Complaint, FCA admits that it is a Delaware limited liability company, with an address at 1000 Chrysler Drive in Auburn Hills, Michigan 48236.

## JURISDICTION AND VENUE

8.      Answering Paragraph 8 of the Complaint, FCA admits that the claims Plaintiff has asserted in its complaint are based on 15 U.S.C. § 1051, *et seq*. and Washington state law but denies that the claims have any merit.

9.      Answering Paragraph 9 of the Complaint, FCA admits that this Court has original jurisdiction over the federal claims asserted in the Complaint but denies that the claims have any merit.

10.      Answering Paragraph 10 of the Complaint, FCA admits that this Court may exercise supplemental jurisdiction over Plaintiff's state law claims subject to the requirements of 28 U.S.C. § 1367(a) but denies that the claims have any merit.

11.      Answering Paragraph 11 of the Complaint, FCA admits that it transacts business within the state of Washington and admits that it is subject to the personal jurisdiction of this Court.  FCA states that the remaining allegations in Paragraph 11 are conclusions of law or fact to which no answer is required.  Except as expressly admitted, FCA denies all of the allegations in Paragraph 11 that require an answer.

12.      Answering Paragraph 12 of the Complaint, FCA states that all of the allegations in Paragraph 12 are conclusions of law or fact to which no answer is required.  FCA denies all of the allegations in Paragraph 12 that require an answer.

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION - 3 -
Case No. 2:18-cv-01493-RAJ




KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

# **FACTUAL BACKGROUND**

13. Answering Paragraph 13 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies them.

14. Answering Paragraph 14 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies them.

15. Answering Paragraph 15 of the Complaint,  FCA states that the allegations in Paragraph 15 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 15 that require an answer.

16. Answering Paragraph 16 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies them.

17. Answering Paragraph 17 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.

18. Answering Paragraph 18 of the Complaint,  FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19. Answering Paragraph 19 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies them.

20. Answering Paragraph 20 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 20 and, therefore, denies them.  FCA states that the allegations in the third sentence of Paragraph 20



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 4 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

1  contain conclusions of law or fact that do not require an answer.  FCA

2  denies all of the allegations in the third sentence of Paragraph 20 that

3  require an answer.

4      21.    Answering Paragraph 21 of the Complaint, FCA admits that

5  the United States Patent and Trademark Office ("USPTO") records state

6  that SIG is the owner of U.S. Trademark Registration No. 2,909,356 for

7  BLUETOOTH, No. 2,911,905 for BLUETOOTH & Design, and No.

8  3,389,311 for the Design Mark. FCA is without knowledge or information

9  sufficient to form a belief as to the truth of the remaining allegations in

10  Paragraph 21 and, therefore, denies them.

11      22.    Answering Paragraph 22 of the Complaint, FCA admits that

12  Exhibit C to the complaint purports to contain copies of United States

13  federal trademark registration certificates but denies that Exhibit C supports

14  any claim against FCA.  FCA states that the remaining allegations in

15  Paragraph 22 are conclusions of law or fact that do not require an answer.

16  Except as expressly admitted, FCA denies all of the allegations in

17  Paragraph 22 that require an answer.

18      23.    Answering Paragraph 23 of the Complaint, FCA is without

19  knowledge or information sufficient to form a belief as to the truth of the

20  allegations in Paragraph 23 and, therefore, denies them.

21      24.    Answering Paragraph 24 of the Complaint, FCA states that the

22  allegations in Paragraph 24 are conclusions of law or fact that do not require

23  an answer.  FCA denies all of the allegations in Paragraph 24 that require an

24  answer.

25      25.    Answering Paragraph 25 of the Complaint, FCA states that the

26  allegations in Paragraph 25 are conclusions of law or fact that do not require

27

28



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 5 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

1  an answer.  FCA denies all of the allegations in Paragraph 25 that require an

2  answer.

3       26.    Answering Paragraph 26 of the Complaint, FCA is without

4  knowledge or information sufficient to form a belief as to the truth of the

5  allegations in Paragraph 26 and, therefore, denies them.

6       27.    Answering Paragraph 27 of the Complaint, FCA states that the

7  allegations in Paragraph 27 are conclusions of law or fact that do not require

8  an answer.  FCA denies all of the allegations in Paragraph 27 that require an

9  answer.

10       28.    Answering Paragraph 28 of the Complaint, FCA states that the

11  allegations in Paragraph 28 are conclusions of law or fact that do not require

12  an answer.  FCA denies all of the allegations in Paragraph 28 that require an

13  answer.

14       29.    Answering Paragraph 29 of the Complaint, FCA admits that it

15  was formerly known as Chrysler Group LLC and that it is a vehicle

16  manufacturer headquartered in the United States and a member of the Fiat

17  Chrysler Automobiles N.V. family of companies. FCA further admits that it

18  designs, engineers, manufactures, and/or sells vehicles under the Chrysler,

19  Jeep, Dodge, Ram, and Fiat brands. Except as expressly admitted, FCA

20  denies the allegations in Paragraph 29.

21       30.    Answering Paragraph 30 of the Complaint, FCA admits that it

22  has purchased various electronic components from suppliers including

23  Alpine, Continental Automotive Systems, Delphi  Corporation, Harman

24  International, Panasonic Corporation, and Peiker Acustic Gmbh & Co KG.

25  Except as expressly admitted, FCA denies the allegations in Paragraph 30.

26       31.    Answering Paragraph 31 of the Complaint, FCA admits that

27  Alpine, Continental Automotive Systems, Delphi  Corporation, Harman

28

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 6 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

International, Panasonic Corporation, and Peiker Acustic Gmbh & Co KG manufacture and/or produce equipment incorporating Bluetooth technology, and also admits on information and belief that each of them has completed the Bluetooth Qualification Process.  Except as expressly admitted, FCA denies the allegations in Paragraph 31.

32.     Answering Paragraph 32 of the Complaint, FCA admits that certain electronic components it has purchased from Alpine, Continental Automotive Systems, Delphi  Corporation, Harman International, Panasonic Corporation, and Peiker Acustic Gmbh & Co KG include Bluetooth technology and have been assigned "Qualified Design Identification" numbers and/or "Declaration ID" numbers by Plaintiff.  FCA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies them.

33.     Answering Paragraph 33 of the Complaint, FCA admits that that the "Qualified Design Identification" numbers and/or "Declaration ID" numbers in the table in Paragraph 33 correspond to the numbers Plaintiff has assigned to the components that FCA has purchased from the suppliers identified in the table and installed in various vehicles.  For ease of reference, and without admitting any allegation in the complaint that it has not otherwise expressly admitted, FCA refers to the components noted in the table as the "Bluetooth Certified Components."  FCA denies that the table supports any claim against FCA and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, denies them.  FCA denies that Exhibit D to the complaint supports any claim against FCA.

34.     Answering Paragraph 34 of the Complaint, FCA admits that one or more Bluetooth Certified Components are installed in the following



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 7 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

vehicle models: Alfa 4C, Fiat 500X, Fiat 500, Fiat 500L, Fiat 124 Spider, Jeep Compass, Jeep Renegade, Ram Promaster City, Ram Promaster, Ram 1500, Dodge Challenger, Dodge Charger, Jeep Grand Cherokee, Dodge Durango, Chrysler Pacifica, Jeep Wrangler, Jeep Cherokee, Chrysler 300, Ram 3500, and Dodge Grand Caravan.  Except as expressly admitted, FCA denies all of the allegations Paragraph 34.

35.    Answering Paragraph 35 of the Complaint,  FCA denies the allegations in Paragraph 35.

36.    Answering Paragraph 36 of the Complaint, FCA admits that Bluetooth Certified Components are installed in certain vehicles, including but not limited to vehicles that include the "Uconnect" platform.  FCA admits that the text quoted in Paragraph 36 has appeared on the website *https://www.driveuconnect.com*, along with additional content that Plaintiff has omitted from its complaint, but denies that the contents of the text quoted in Paragraph 36 support any claim against FCA.  FCA admits that the contents of the screenshot shown in Paragraph 36 have appeared on the website *https://www.driveuconnect.com*, along with additional content that Plaintiff has omitted from its complaint, but denies that the contents of the screenshot support any claim against FCA.  Except as expressly admitted, FCA denies the allegations in Paragraph 36.

37.    Answering Paragraph 37 of the Complaint, FCA admits that the UConnect system allows users to find vehicles, start cars, search for points of interest, navigate directions, access Wi-Fi, and receive notices of vehicle health and reports. Except as expressly admitted, FCA denies the allegations in Paragraph 37.



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 8 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

38.    Answering Paragraph 38 of the Complaint, FCA admits that Plaintiff has certified the Bluetooth Certified Components. Except as expressly admitted, FCA denies the allegations in Paragraph 38.

39.    Answering Paragraph 39 of the Complaint, FCA states that the allegations in Paragraph 39 are conclusions of law or fact that do not require an answer. FCA denies all of the allegations in Paragraph 39 that require an answer.

40.    Answering Paragraph 40 of the Complaint, FCA denies the allegations in Paragraph 40.

41.    Answering Paragraph 41 of the Complaint, FCA admits that the contents of the screenshots in Paragraph 41 appeared on various websites for FCA vehicles, along with additional content that Plaintiff has omitted from its complaint, but denies that the screenshots support any claim against FCA. FCA further admits that the BLUETOOTH Marks appear on certain FCA in-vehicle displays. Except as expressly admitted, FCA denies the allegations in Paragraph 41.

42.    Answering Paragraph 42 of the Complaint, FCA admits that it received correspondence from Plaintiff and from Plaintiff's outside counsel on September 19, 2017, October 27 and November 12, 2017, concerning the use of Bluetooth Certified Components in FCA vehicles. FCA admits that Plaintiff requested that FCA pay a fee and complete declarations for FCA vehicles that include Bluetooth Certified Components. FCA admits that it notified Plaintiff that FCA is not a member of the SIG, and notified Plaintiff that it is not legally or contractually required to pay a fee or complete declarations for its vehicles that include Bluetooth Certified Components. Except as expressly admitted, FCA denies the allegations in Paragraph 42.



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 9 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

43.     Answering Paragraph 43 of the Complaint, FCA states that the allegations in Paragraph 43 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 43 that require an answer.

44.     Answering Paragraph 44 of the Complaint, FCA admits that Bluetooth Certified Components are installed in certain of its vehicles. FCA states that the remaining allegations in Paragraph 44 are conclusions of law or fact that do not require an answer.  Except as expressly admitted, FCA denies all of the allegations in Paragraph 44 that require an answer.

45.     Answering Paragraph 45 of the Complaint, FCA states that the allegations in Paragraph 45 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 45 that require an answer.

46.     Answering Paragraph 46 of the Complaint, FCA states that the allegations in Paragraph 46 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 46 that require an answer.

47.     Answering Paragraph 47 of the Complaint, FCA states that the allegations in Paragraph 47 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 47 that require an answer.

## <u>FIRST CAUSE OF ACTION</u>

### Federal Trademark Infringement Under 15 U.S.C. § 1114

48.     Answering Paragraph 48 of the Complaint, FCA incorporates by reference the preceding paragraphs of this Answer, as if set forth fully herein.



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 10 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

49.    Answering Paragraph 49 of the Complaint, FCA admits that USPTO records list SIG as the owner of the trademark registrations alleged in the complaint.  FCA states that the remaining allegations in Paragraph 49 are conclusions of law or fact that do not require an answer.  Except as expressly admitted, FCA denies all of the allegations in Paragraph 49 that require an answer.

50.    Answering Paragraph 50 of the Complaint, FCA states that the allegations in Paragraph 50 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 50 that require an answer, and also denies that it has used any trademarks owned by Plaintiff in a manner that required Plaintiff's consent.

51.    Answering Paragraph 51 of the Complaint, FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations respecting "affiliation or association" in Paragraph 51 and, therefore, denies them. FCA further states that the remaining allegations in Paragraph 51 are conclusions of law or fact that do not require an answer. FCA denies all of the allegations in Paragraph 51 that require an answer, and also denies that it has used any trademarks owned by Plaintiff in a manner that requires Plaintiff's sponsorship or approval.

52.    Answering Paragraph 52 of the Complaint, FCA states that the allegations in Paragraph 52 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 52 that require an answer.

53.    Answering Paragraph 53 of the Complaint, FCA states that the allegations in Paragraph 53 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 53 that require an answer.



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 11 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

54.     Answering Paragraph 54 of the Complaint, FCA states that the allegations in Paragraph 54 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 54 that require an answer.

55.     Answering Paragraph 55 of the Complaint, FCA states that the allegations in Paragraph 55 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 55 that require an answer.

56.     Answering Paragraph 56 of the Complaint, FCA states that the allegations in Paragraph 56 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 56 that require an answer.

57.     Answering Paragraph 57 of the Complaint, FCA states that the allegations in Paragraph 57 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 57 that require an answer.

58.     Answering Paragraph 58 of the Complaint, FCA states that the allegations in Paragraph 58 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 58 that require an answer.

## SECOND CAUSE OF ACTION

### Federal Counterfeit Trademark Infringement Under 15 U.S.C. § 1114

59.     Answering Paragraph 59 of the Complaint, FCA incorporates by reference the preceding paragraphs of this Answer, as if set forth fully herein.

60.     Answering Paragraph 60 of the Complaint, FCA admits that USPTO records list SIG as the owner of the trademark registrations alleged

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 12 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

12.

1
2
3
4

in the complaint. FCA states that the remaining allegations in Paragraph 60 are conclusions of law or fact that do not require an answer. Except as expressly admitted, FCA denies all of the allegations in Paragraph 60 that require an answer.

5
6
7
8
9

61.    Answering Paragraph 61 of the Complaint, FCA states that the allegations in Paragraph 61 are conclusions of law or fact that do not require an answer. FCA denies all of the allegations in Paragraph 61 that require an answer, and also denies that it has used any trademarks owned by Plaintiff in a manner that required Plaintiff's consent.

10
11
12
13
14

62.    Answering Paragraph 62 of the Complaint, FCA states that the allegations in Paragraph 62 are conclusions of law or fact that do not require an answer. FCA denies all of the allegations in Paragraph 62 that require an answer, and also denies that Plaintiff has alleged any protectable trade dress.

15
16
17
18
19

63.    Answering Paragraph 63 of the Complaint, FCA states that the allegations in Paragraph 63 are conclusions of law or fact that do not require an answer. FCA denies all of the allegations in Paragraph 63 that require an answer, and also denies that Plaintiff has alleged any protectable trade dress.

20
21
22
23
24

64.    Answering Paragraph 64 of the Complaint, FCA states that the allegations in Paragraph 64 are conclusions of law or fact that do not require an answer. FCA denies all of the allegations in Paragraph 64 that require an answer, and also denies that Plaintiff has alleged any protectable trade dress.

25
26
27

65.    Answering Paragraph 65 of the Complaint, FCA states that the allegations in Paragraph 65 are conclusions of law or fact that do not require

28

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 13 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

an answer.  FCA denies all of the allegations in Paragraph 65 that require an answer.

66.    Answering Paragraph 66 of the Complaint, FCA states that the allegations in Paragraph 66 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 66 that require an answer.

67.    Answering Paragraph 67 of the Complaint, FCA states that the allegations in Paragraph 67 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 67 that require an answer.

68.    Answering Paragraph 68 of the Complaint, FCA states that the allegations in Paragraph 68 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 68 that require an answer.

## <u>THIRD CAUSE OF ACTION</u>

### Federal Unfair Competition and False Designation of Origin
### Under 15 U.S.C. § 1125(a)

69.    Answering Paragraph 69 of the Complaint, FCA incorporates by reference the preceding paragraphs of this Answer, as if set forth fully herein.

70.    Answering Paragraph 70 of the Complaint, FCA admits that USPTO records list SIG as the owner of the trademark registrations alleged in the complaint. FCA states that the remaining allegations in Paragraph 70 are conclusions of law or fact that do not require an answer.  Except as expressly admitted, FCA denies all of the allegations in Paragraph 70 that require an answer.



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 14 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

71. Answering Paragraph 71 of the Complaint, FCA states that the allegations in Paragraph 71 are conclusions of law or fact that do not require an answer. FCA denies all of the allegations in Paragraph 71 that require an answer, and also denies that it has used any trademarks owned by Plaintiff in a manner that required Plaintiff's permission or authority.

72. Answering Paragraph 72 of the Complaint, FCA states that the allegations in Paragraph 72 are conclusions of law or fact that do not require an answer. FCA denies all of the allegations in Paragraph 72 that require an answer.

73. Answering Paragraph 73 of the Complaint, FCA states that the allegations in Paragraph 73 are conclusions of law or fact, or a prayer for relief, that do not require an answer. FCA denies all of the allegations in Paragraph 73 that require an answer.

74. Answering Paragraph 74 of the Complaint, FCA states that the allegations in Paragraph 74 are conclusions of law or fact that do not require an answer. FCA denies all of the allegations in Paragraph 74 that require an answer.

75. Answering Paragraph 75 of the Complaint, FCA states that the allegations in Paragraph 75 are conclusions of law or fact, or a prayer for relief, that do not require an answer. FCA denies all of the allegations in Paragraph 75 that require an answer.

## <u>FOURTH CAUSE OF ACTION</u>

### Federal Trademark Dilution Under 15 U.S.C. 1125(c)

76. Answering Paragraph 76 of the Complaint, FCA incorporates by reference the preceding paragraphs of this Answer, as if set forth fully herein.

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 15 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600



77.    Answering Paragraph 77 of the Complaint, FCA states that the allegations in Paragraph 77 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 77 that require an answer.

78.    Answering Paragraph 78 of the Complaint, FCA states that the allegations in Paragraph 78 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 78 that require an answer, and also denies that it has used any trademarks owned by Plaintiff in a manner that requires Plaintiff's authorization or a license from Plaintiff.

79.    Answering Paragraph 79 of the Complaint, FCA states that the allegations in Paragraph 79 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 79 that require an answer.

80.    Answering Paragraph 80 of the Complaint, FCA states that the allegations in Paragraph 80 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 80 that require an answer.

81.    Answering Paragraph 81 of the Complaint, FCA states that the allegations in Paragraph 81 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 81 that require an answer.

82.    Answering Paragraph 82 of the Complaint, FCA states that the allegations in Paragraph 82 are conclusions of law or fact, or a prayer for relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 82 that require an answer.

83.    Answering Paragraph 83 of the Complaint, FCA states that the allegations in Paragraph 83 are conclusions of law or fact, or a prayer for



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 16 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

16.

1    relief, that do not require an answer.  FCA denies all of the allegations in

2    Paragraph 83 that require an answer.

3    ## FIFTH CAUSE OF ACTION

4    ### Common Law Trademark Infringement,

5    ### Unfair Competition, and Passing Off

6    84.    Answering Paragraph 84 of the Complaint, FCA incorporates

7    by reference the preceding paragraphs of this Answer, as if set forth fully

8    herein.

9    85.    Answering Paragraph 85 of the Complaint, FCA states that the

10   allegations in Paragraph 85 are conclusions of law or fact that do not require

11   an answer.  FCA denies all of the allegations in Paragraph 85 that require an

12   answer.

13   86.    Answering Paragraph 86 of the Complaint, FCA states that the

14   allegations in Paragraph 86 are conclusions of law or fact that do not require

15   an answer.  FCA denies all of the allegations in Paragraph 86 that require an

16   answer, and also denies that it has used any trademarks owned by Plaintiff

17   in a manner that requires Plaintiff's authorization.

18   87.    Answering Paragraph 87 of the Complaint, FCA states that the

19   allegations in Paragraph 87 are conclusions of law or fact that do not require

20   an answer.  FCA denies all of the allegations in Paragraph 87 that require an

21   answer.

22   88.    Answering Paragraph 88 of the Complaint, FCA states that the

23   allegations in Paragraph 88 are conclusions of law or fact that do not require

24   an answer.  FCA denies all of the allegations in Paragraph 88 that require an

25   answer.

26   89.    Answering Paragraph 89 of the Complaint, FCA states that the

27   allegations in Paragraph 89 are conclusions of law or fact, or a prayer for

28

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 17 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

17.



1    relief, that do not require an answer.  FCA denies all of the allegations in
2    Paragraph 89 that require an answer.

3                          **SIXTH CAUSE OF ACTION**

4            **Violations of Washington Consumer Protection Act**

5        90.    Answering Paragraph 90 of the Complaint, FCA incorporates
6    by reference the preceding paragraphs of this Answer, as if set forth fully
7    herein.

8        91.    Answering Paragraph 91 of the Complaint, FCA states that the
9    allegations in Paragraph 91 are conclusions of law or fact that do not require
10   an answer.  FCA denies all of the allegations in Paragraph 91 that require an
11   answer, and also denies that it has used any trademarks owned by Plaintiff
12   in a manner that requires Plaintiff's authorization.

13       92.    Answering Paragraph 92 of the Complaint, FCA states that the
14   allegations in Paragraph 92 are conclusions of law or fact that do not require
15   an answer.  FCA denies all of the allegations in Paragraph 92 that require an
16   answer.

17       93.    Answering Paragraph 93 of the Complaint, FCA states that the
18   allegations in Paragraph 93 are conclusions of law or fact, or a prayer for
19   relief, that do not require an answer.  FCA denies all of the allegations in
20   Paragraph 93 that require an answer.

21       94.    Answering Paragraph 94 of the Complaint, FCA states that the
22   allegations in Paragraph 94 are conclusions of law or fact, or a prayer for
23   relief, that do not require an answer.  FCA denies all of the allegations in
24   Paragraph 94 that require an answer.

25       95.    Answering Paragraph 95 of the Complaint, FCA states that the
26   allegations in Paragraph 95 are conclusions of law or fact, or a prayer for

27

28



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 18 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

relief, that do not require an answer.  FCA denies all of the allegations in Paragraph 95 that require an answer.

**SEVENTH CAUSE OF ACTION**

**Trademark Dilution under RCW 19.11.160**

96.    Answering Paragraph 96 of the Complaint, FCA incorporates by reference the preceding paragraphs of this Answer, as if set forth fully herein.

97.    Answering Paragraph 97 of the Complaint, FCA states that the allegations in Paragraph 97 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 97 that require an answer.

98.    Answering Paragraph 98 of the Complaint, FCA states that the allegations in Paragraph 98 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 98 that require an answer, and also denies that it has used any trademarks owned by Plaintiff in a manner that requires Plaintiff's authorization or a license from the SIG.

99.    Answering Paragraph 99 of the Complaint, FCA states that the allegations in Paragraph 99 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 99 that require an answer.

100.    Answering Paragraph 100 of the Complaint, FCA states that the allegations in Paragraph 100 are conclusions of law or fact that do not require an answer.  FCA denies all of the allegations in Paragraph 100 that require an answer.

101.    Answering Paragraph 101 of the Complaint, FCA states that the allegations in Paragraph 101 are conclusions of law or fact, or a prayer



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 19 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

19.

for relief, that do not require an answer. FCA denies all of the allegations in
Paragraph 101 that require an answer.

102. Answering Paragraph 102 of the Complaint, FCA states that
the allegations in Paragraph 102 are conclusions of law or fact, or a prayer
for relief, that do not require an answer. FCA denies all of the allegations in
Paragraph 102 that require an answer.

103. Answering Paragraph 103 of the Complaint, FCA states that
the allegations in Paragraph 103 are conclusions of law or fact, or a prayer
for relief, that do not require an answer. FCA denies all of the allegations in
Paragraph 103 that require an answer.

## AFFIRMATIVE DEFENSES

104. FCA denies that Plaintiff can satisfy its burden of proving the
elements necessary to state a *prima facie* case for any cause of action, and
also denies that Plaintiff has suffered any injury or is entitled to any relief
whatsoever. In addition, and without assuming the burden of proof with
respect to any fact that would otherwise fall on Plaintiff, FCA asserts the
following affirmative defenses to the causes of action asserted in the
complaint. At this time FCA cannot ascertain whether additional
affirmative defenses may exist. FCA reserves the right to amend this
Answer or if necessary to seek leave to amend this Answer to assert any
additional affirmative defenses that become available or appear as the case
proceeds.

## FIRST DEFENSE

### (Estoppel)

105. Assuming without conceding that Plaintiff could ever have
asserted any causes of action arising from any use by FCA of any valid
trademarks Plaintiff may own, all of Plaintiff's causes of action are barred



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 20 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

1  by the doctrine of estoppel.  Without limitation, Plaintiff had actual
2  knowledge of FCA's allegedly unlawful use of Plaintiff's alleged marks for
3  several years but failed to object or take any action, leaving FCA ignorant
4  of Plaintiff's objection and leading FCA to rely on Plaintiff's lack of action
5  such that FCA would be materially prejudiced if Plaintiff is allowed to
6  proceed with these claims.

## SECOND DEFENSE

### (Acquiescence)

9  106.   Assuming without conceding that Plaintiff could ever have
10  asserted any causes of action arising from any use by FCA of any valid
11  trademarks Plaintiff may own, all of Plaintiff's causes of action are barred
12  by the doctrine of acquiescence.  Without limitation, in addition to
13  prejudicing FCA through its unreasonable delay, Plaintiff also affirmatively
14  represented and/or implied that it would not challenge such use when it
15  approved Bluetooth Certified Components that were submitted to Plaintiff
16  for the express purpose of certifying them for installation in FCA vehicles.

## THIRD DEFENSE

### (Waiver)

19  107.   Assuming without conceding that Plaintiff could ever have
20  asserted any causes of action arising from any use by FCA of any valid
21  trademarks Plaintiff may own, all of Plaintiff's causes of action are barred
22  by the doctrine of waiver.  Without limitation, Plaintiff engaged in conduct
23  inconsistent with an intent to enforce its alleged rights, including by
24  approving Bluetooth Certified Components that were submitted to Plaintiff
25  for the express purpose of certifying them for installation in FCA vehicles.

26
27
28



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 21 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

1

## FOURTH DEFENSE

2

### (Laches)

3     108.   Assuming without conceding that Plaintiff could ever have

4  asserted any causes of action arising from any use by FCA of any valid

5  trademarks Plaintiff may own, all of Plaintiff's causes of action are barred

6  by the doctrine of laches.  Without limitation, Plaintiff had actual

7  knowledge of FCA's allegedly unlawful use of Plaintiff's alleged marks for

8  several years and unreasonably delayed before taking any action such that

9  FCA would be materially prejudiced if Plaintiff is allowed to proceed with

10  these claims.

11

## FIFTH DEFENSE

12

### (Abandonment Through Naked Licensing)

13     109.   Assuming without conceding that Plaintiff ever owned any

14  rights in the marks alleged in the complaint, all of its causes of action are

15  barred because it abandoned any rights it may once have owned, including

16  without limitation through naked licensing.  Without limitation, FCA is

17  informed and believes that Plaintiff has not maintained accurate records of

18  the individuals and entities to whom it has purported to grant trademark

19  licenses, and has also failed to exercise quality control over its purported

20  licensees' use of its alleged marks, such that the marks have lost whatever

21  source-identifying significance they may have had.

22

## SIXTH DEFENSE

23

### (Nominative Fair Use)

24     110.   Assuming without conceding that Plaintiff owns valid rights in

25  the marks asserted in the complaint, all of its causes of action are barred by

26  the doctrine of nominative fair use.  Without limitation, any use of

27  Plaintiff's marks by FCA has been necessary to identify the functionality of

28


FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 22 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

the Bluetooth Certified Components, did not exceed what was necessary and has not falsely suggested sponsorship or approval.

## SEVENTH DEFENSE

### (First Sale Doctrine)

111.    Assuming without conceding that Plaintiff owns valid rights in the marks asserted in the complaint, all of its causes of action are barred by operation of the First Sale doctrine because once Plaintiff's purported licensees sell their Bluetooth Certified Components in commerce, Plaintiff has no right to control subsequent disposition or sales of those products. There is no protection under the Lanham Act, no unfair competition and no violation of common law trademark rights in this case under the First Sale doctrine.

## EIGHTH DEFENSE

### (First Amendment)

112.    Assuming without conceding that Plaintiff owns valid rights in the marks asserted in the complaint, all of its causes of action are barred because any use of Plaintiff's marks by FCA has been consistent with and protected by FCA's federal and state constitutional rights of free speech.

## NINTH DEFENSE

### (Lack of Damage)

113.    Each and every one of Plaintiff's causes of action are barred because Plaintiff has not suffered any damage and will not in the future suffer any damage as a result of FCA's alleged use of Plaintiff's alleged marks.

//

//

//



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 23 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

## COUNTERCLAIMS FOR CANCELLATION

Pursuant to 15 U.S.C. § 1119 and Federal Rule of Civil Procedure 13(b), FCA asserts the following counterclaims for cancellation of United States Registration Nos. 2,909,356, 2,911,905, and 3,389,311, of which Plaintiff is listed as the owner in the USPTO's records.

## FACTS COMMON TO ALL GROUNDS FOR CANCELLATION

1.      In its Complaint, Plaintiff pleaded ownership of United States Registration Nos. 2,909,356 (BLUETOOTH), 2,911,905 (BLUETOOTH & Design), and 3,389,311 (the Design Mark) (collectively, the "BLUETOOTH Registrations"), and further pleaded that those registrations have become incontestable. *See* Docket No. ("Dkt.") 1 ¶ 21 & Exhibit C.

2.      As detailed below, each of the BLUETOOTH Registrations is subject to cancellation "[a]t any time" on one or more of the grounds enumerated in Section 14 of the Lanham Act, 15 U.S.C. § 1064, including failure to control the use of a certification mark under 15 U.S.C. § 1064(5)(A), abandonment under 15 U.S.C. § 1064(3), and engaging in the production or marketing of goods or services to which a certification mark is applied under 15 U.S.C. § 1064(5)(B).

**Prosecution History of the BLUETOOTH Certification Marks**

3.      The marks evidenced by Plaintiff's Registration Nos. 2,909,356 (BLUETOOTH) and 2,911,905 (BLUETOOTH & Design) are certification marks (the "BLUETOOTH Certification Marks"), which the Lanham Act defines as "any word, name, symbol, or device, or any combination thereof . . . used by a person other than its owner." 15 U.S.C. § 1127.

4.      The USPTO's records containing the file histories of the BLUETOOTH Registrations reveal that Telefonaktiebolaget LM Ericsson



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 24 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

("Ericsson") originally applied to register the BLUETOOTH, BLUETOOTH & Design, and Design Mark as trademarks and service marks under Sections 1(b) and 44 of the Lanham Act, 15 U.S.C. §§ 1051(b) and 1126, *not* as certification marks.

5.       The Trademark Examining Attorney assigned to the applications to register the BLUETOOTH Marks refused registration of the BLUETOOTH word mark on the ground it was merely descriptive under Section 2(e)(1), 15 U.S.C. § 1052(e)(1), because "BLUETOOTH is a codename for the technology used by the computing and telecommunications industry that describes how mobile phones, computers and personal digital assistants can easily interconnect with each other and with home and business phones and computers," and Ericsson's "use of the term informs purchasers that the applicant's goods and services are primarily BLUETOOTH technology." The Trademark Examining Attorney also required Ericsson to "disclaim the descriptive wording 'BLUETOOTH'" in its BLUETOOTH & Design mark "apart from the mark as shown." True and correct copies of the USPTO's Office Actions containing these refusals are attached as **Exhibit 1**.

6.       Ericsson's counsel was not able to overcome the Trademark Examining Attorney's objections by September 27, 2001, when Ericsson assigned its entire interest in the BLUETOOTH Marks to Plaintiff. A true and correct copy of the assignment from Ericsson to Plaintiff is attached as **Exhibit 2**.

7.       After Plaintiff's counsel consulted with the Trademark Examining Attorney on April 28, 2004, Plaintiff amended its applications to seek registration of the BLUETOOTH and BLUETOOTH & Design marks as certification marks. In its subsequent Amendments to Allege Use,

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 25 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff declared under penalty of perjury that it was "exercising legitimate control over the use of the Certification Mark[s] in commerce on or in connection with all goods . . . . [and] all services listed in the application[s]" and "is not engaged (or will not engage) in the production or marketing of the goods or services to which the Certification Mark[s] [are] applied." True and correct copies of Plaintiff's Amendments to Allege Use are attached as **Exhibit 3**.

8.      On December 14 and December 21, 2004, Plaintiff's BLUETOOTH and BLUETOOTH & Design marks, respectively, were registered as certification marks. *See* Exhibit C to Dkt. 1.

**Prosecution History of the Design Mark**

9.      Plaintiff's application to register the Design Mark in U.S. Registration No. 3,389,311 did not present issues of descriptiveness, so that application took a different path to registration. The file history of the application primarily involves amendments to Plaintiff's identification of goods and services, which ultimately included "Motor cars" in Class 12 along with numerous other goods and services. *See* Exhibit C to Dkt. 1. Plaintiff's Design Mark was registered as a trademark and service mark on February 26, 2008. *See id.*

10.     On February 26, 2018, Plaintiff submitted its combined declaration of use and renewal of registration under Sections 8 and 9 of the Lanham Act, 15 U.S.C. §§ 1058 and 1059, submitting as its specimen of purported use a document containing various product images, including images depicting Plaintiff's marks as used on product manuals and in-vehicle displays, *not* on the vehicles themselves. Notably, as shown below, other images that Plaintiff submitted in maintaining its registration for the Design Mark depict not only Plaintiff's Design Mark, but also its



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 26 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

BLUETOOTH and BLUETOOTH & Design marks, which are *certification marks*:













FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 27 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

A true and correct copy of the combined declaration is attached as **Exhibit 4**. A true and correct copy of the specimen is attached as **Exhibit 5**.

11.    On March 24, 2018, the Post Registration Division of the USPTO issued an Office Action rejecting Plaintiff's specimen of use for the goods in Class 12, writing that the specimen "shows the mark used on or in connection with goods that are different from those identified in the registration. . . . Specifically, the specimen shows use for Bluetooth technology within motor vehicles," while "[t]he goods in the registration comprise . . . motor vehicles." The Post Registration Division also informed Plaintiff that the "registration has been randomly selected for audit to determine whether the mark is in use with all of the goods and services identified in the registration," and required Plaintiff to submit proof of use of its Design Mark in commerce in connection with certain of the goods and services it identified in Classes 9, 10, 16, 38, and 42. A copy of this Office Action is attached as **Exhibit 6**.

12.    Plaintiff still has not submitted an acceptable specimen of its use of the Design Mark for "Motor cars" in Class 12, nor has it fully complied with the USPTO's audit. In its most recent Office Action, dated May 29, 2019, the USPTO's Post Registration Division stated:

> The specimen for Class 12, submitted with the Post
> Registration TEAS Response on April 16, 2019, is
> unacceptable because it shows the mark used solely to identify
> **a feature of the goods listed in the registration, and not to
> identify the finished goods in their entirety**. Specifically, the
> goods listed in the registration are: MOTOR CARS in
> International Class 12. However, the specimen shows use of
> the mark to identify: **Bluetooth® Hands Free Link**



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 28 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

28.

1
2
3

**component/feature for the finished goods.** The specimen must support use of the mark on the goods identified in the registration.

4
5
6
7
8
9
10

(Emphasis in original.) The Office Action provided the same reason for its rejection of Plaintiff's specimens of use in Classes 9 and 10 in connection with the audit: "The proof of use provided . . . [is] unacceptable because [it] show[s] the mark used solely to identify **a feature of the goods listed in the registration, and not to identify the finished goods in their entirety**." (Emphasis in original.) The Office Action also rejected Plaintiff's specimen of use in Class 16. A copy of this Office Action is attached as **Exhibit 7**.

11
12
13
14
15
16
17

13.    Further, because Plaintiff failed to fully comply with USPTO'S audit, the Office Action required Plaintiff to "verify the accuracy of the claim of use in the affidavit of use by providing proof of use for **all** the remaining goods and services in the registration without acceptable proof of use" and "**identify the corresponding goods and services that each individual piece of evidence of current proof of use supports.**" *See* Exhibit 7 (emphasis in original).

18
19

14.    Plaintiff has not yet responded to the May 29, 2019, Office Action.

20

**Plaintiff's Failure to Control the Use of the BLUETOOTH Marks**

21
22
23
24
25
26
27

15.    For years, Plaintiff had actual knowledge that FCA was using the BLUETOOTH Marks to identify and describe the technological function of the components installed in FCA's vehicles, yet Plaintiff waited to raise any objection to FCA's use. This failure to object goes at least as far back as 2014, when Plaintiff revised its product listing requirements, but on information and belief, Plaintiff's failure to object to FCA's use predates 2014.

28



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 29 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

16.     Plaintiff's lack of diligence was not limited to FCA's use, but was part of a widespread and longstanding pattern under which Plaintiff went for years without maintaining declarations or product listing data for thousands of its licensee "members"—thus failing to document those licensees' compliance with the terms of Plaintiff's license agreements. Thus, for years, Plaintiff failed to engage in any meaningful control over the ways in which a substantial percentage of its licensees used the BLUETOOTH Marks.

**Plaintiff's Engagement in the Production or Marketing of Goods or Services to Which One or More of Its Certification Marks Are Applied**

17.     As part of its February 26, 2018, combined declaration under Sections 8 and 9 for U.S. Registration No. 3,389,311, Plaintiff declared under penalty of perjury that (a) it was the owner of the registration and (b) the mark was in use in commerce in connection with all of the goods and services listed in the registration. *See* Exhibit 4.

18.     Section 45 of the Lanham Act, 15 U.S.C. § 1127, defines "use in commerce" as "the bona fide use of a mark in the ordinary course of trade." Although a trademark owner can demonstrate use through its controlled licensees pursuant to a license agreement, that use inures to the benefit of the trademark owner, whom the law considers to be the entity making use of the mark. *See Trademark Manual of Examining Procedure* § 1201.03(e).

19.     The specimen Plaintiff submitted in support of its combined declaration contains product images that clearly depict Plaintiff's BLUETOOTH and BLUETOOTH & Design marks—*i.e.*, the BLUETOOTH Certification Marks—as well as Plaintiff's Design Mark. *See* Exhibit 5. Thus, Plaintiff's *own specimen of use* purports to evidence its



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 30 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

*own use* of the BLUETOOTH Certification Marks in the ordinary course of trade, whether as producer or licensor.

20.    FCA has standing to assert these counterclaims for cancellation because Plaintiff's ownership of valid and subsisting federal registrations is an essential element of its claims against FCA for trademark infringement and counterfeiting under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). *See* Dkt. 1 ¶¶ 48-68 (First and Second Causes of Action).

## FIRST COUNTERCLAIM FOR CANCELLATION
### (U.S. Reg. Nos. 2,909,356 and 2,911,905)
## FAILURE TO CONTROL THE USE OF A CERTIFICATION MARK UNDER 15 U.S.C. § 1064(5)(A)

21.    FCA incorporates by reference the preceding paragraphs of these Counterclaims as if set forth fully herein.

22.    Registrations of certification marks are subject to cancellation "[a]t any time . . . on the ground that the registrant (A) does not control, or is not able legitimately to exercise control over, the use of such mark . . . ." 15 U.S.C. § 1064(5)(A).

23.    Contrary to Plaintiff's statements in its Amendments to Allege Use, *see* Exhibit 3, for at least the period 2014 to 2017, Plaintiff did not exercise any meaningful control over a substantial percentage of its licensees' use (including FCA's use) of the BLUETOOTH Certification Marks in connection with the goods and services listed in U.S. Registration Nos. 2,909,356 and 2,911,905.

24.    This lack of control includes Plaintiff's failure diligently to create or maintain meaningful records regarding a substantial percentage of its licensees' compliance with the requirements in Plaintiff's license agreements.



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 31 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

25.     Plaintiff's failure to control or legitimately to exercise control over these third parties' use of the BLUETOOTH Certification Marks warrants the cancellation of U.S. Registration Nos. 2,909,356 and 2,911,905 pursuant to 15 U.S.C. §§ 1064(5)(A) and 1119.

## SECOND COUNTERCLAIM FOR CANCELLATION

### (U.S. Reg. No. 3,389,311)

### ABANDONMENT UNDER 15 U.S.C. § 1064(3)

26.     FCA incorporates by reference the preceding paragraphs of these Counterclaims as if set forth fully herein.

27.     A registration is subject to cancellation "[a]t any time if the registered mark . . . has been abandoned . . . ." 15 U.S.C. § 1064(3).

28.     Pursuant to Section 45 of the Lanham Act, 15 U.S.C. § 1127, a mark is deemed abandoned "[w]hen any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark." One way in which a trademark owner can abandon its mark is by engaging in uncontrolled or "naked" licensing—that is, by licensing the mark to third parties without controlling the quality of those parties' goods or services bearing the licensed mark.

29.     Plaintiff engaged in naked licensing of the Design Mark in U.S. Registration No. 3,389,311 by granting licenses to use the mark, collecting fees from its licensees, and failing to exercise adequate control over a substantial percentage of its licensees' goods and services bearing the Design Mark. Plaintiff also lacked the kind of working relationship with a substantial percentage of its licensees that would have allowed for adequate quality control.

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 32 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

32.



30.    Plaintiff's naked licensing of its Design Mark has caused that mark to lose trademark significance, and as a consequence, the public no longer associates the Design Mark with a single source of goods or services, but associates the Design Mark with a technology used by multiple sources, and indeed, multiple sources in multiple industries. Plaintiff thus has abandoned its Design Mark through its course of conduct.

31.    This abandonment warrants the cancellation of U.S. Registration No. 3,389,311 pursuant to 15 U.S.C. §§ 1064(3) and 1119.

## THIRD COUNTERCLAIM FOR CANCELLATION

### (U.S. Reg. Nos. 2,909,356 and 2,911,905)

## ENGAGING IN THE PRODUCTION OR MARKETING OF GOODS OR SERVICES TO WHICH A CERTIFICATION MARK IS APPLIED UNDER 15 U.S.C. § 1064(5)(B)

32.    FCA incorporates by reference the preceding paragraphs of these Counterclaims as if set forth fully herein.

33.    Registrations of certification marks are subject to cancellation "[a]t any time . . . on the ground that the registrant . . . (B) engages in the production or marketing of any goods or services to which the certification mark is applied . . . ." 15 U.S.C. § 1064(5)(B).

34.    In Plaintiff's February 26, 2018, combined declaration under Sections 8 and 9, Plaintiff declared under penalty of perjury that its Design Mark was in use in commerce in connection with all of the goods and services identified in U.S. Registration No. 3,389,311. *See* Exhibit 4. As shown in Plaintiff's specimen of use submitted with that document, however, Plaintiff's purported use included not only use of the Design Mark, but also use of the BLUETOOTH Certification Marks, which by

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 33 -
Case No. 2:18-cv-01493-RAJ

33.

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600




1    statute must be used only "by a person other than its owner." *See* 15 U.S.C.

2    § 1127; Exhibit 5.

3        35.    FCA alleges in its First and Second Counterclaims that

4    Plaintiff failed to control its licensees' use of the BLUETOOTH Marks,

5    thus compelling cancellation of U.S. Registration Nos. 2,909,356 and

6    2,911,905 under Section 1064(5)(A) and U.S. Registration No. 3,389,311

7    under Section 1064(3). To the extent Plaintiff has engaged in such control,

8    however, its controlled licensees' uses inure to Plaintiff's benefit, making

9    Plaintiff the "user" of the licensed marks for trademark purposes—

10   including the BLUETOOTH Certification Marks.

11       36.    Plaintiff's specimen of use submitted with its combined

12   declaration under Sections 8 and 9 depicts both the BLUETOOTH word

13   mark and the BLUETOOTH & Design mark in connection with various

14   goods and services listed in U.S. Registration Nos. 2,909,356 and

15   2,911,905. Thus, as Plaintiff itself declared to the USPTO, under penalty of

16   perjury, Plaintiff is using the BLUETOOTH Certification Marks in the

17   "ordinary course of trade" in connection with the production and marketing

18   of products under those certification marks. *See* 15 U.S.C. § 1127.

19       37.    To the extent Plaintiff is found to have controlled or

20   legitimately exercised control over its licensees' use of the Bluetooth

21   Certification Marks, Plaintiff's production or marketing of goods or

22   services to which the BLUETOOTH Certification Marks are applied

23   warrants the cancellation of U.S. Registration Nos. 2,909,356 and 2,911,905

24   pursuant to 15 U.S.C. §§ 1064(5)(B) and 1119.

25

26

27

28

FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 34 -
Case No. 2:18-cv-01493-RAJ

KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600

34.



1

## **PRAYER FOR RELIEF**

2      WHEREFORE, FCA respectfully requests that this Court enter

3   judgment in its favor:

4      (1)    Dismissing the claims in the complaint with prejudice;

5      (2)    Directing the Director of the USPTO to cancel the

6   BLUETOOTH Registrations;

7      (3)    Requiring Plaintiff to pay the costs of this action and, to the

8   extent authorized by law, reimburse FCA for FCA's attorneys' fees and

9   expenses of litigation; and

10      (4)    Granting such other and further relief as this Court deems just

11   and proper.

12   DATED this 7th day of October, 2019.

13

14                              KILPATRICK TOWNSEND &
                               STOCKTON LLP
15

16                              By: */s/ Christopher T. Varas*
                               Christopher T. Varas (WSBA #32875)
17                              1420 Fifth Avenue, Suite 3700
                               Seattle, Washington  98101
18                              Telephone:  (206) 467-9600
                               Facsimile: (206) 623-6793)
19                              Email: *cvaras@kilpatricktownsend.com*

20
                               Judith A. Powell (admitted *pro hac vice*)
21                              Erica C. Chanin (admitted *pro hac vice*)
                               1100 Peachtree Street, Suite 2800
22                              Atlanta, Georgia  30309-4528
                               Telephone: (404) 815-6500
23                              Facsimile: (404) 815-6555
                               E-mail: *jpowell@kilpatricktownsend.com*
24                                      *echanin@kilpatricktownsend.com*

25

26                              *Attorneys for Defendant FCA US LLC*

27

28
FCA'S AMENDED ANSWER AND                    KILPATRICK TOWNSEND & STOCKTON LLP
COUNTERCLAIMS FOR                             1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
CANCELLATION  - 35 -                                         206-467-9600
Case No. 2:18-cv-01493-RAJ              35.



1

2

## <u>CERTIFICATE OF SERVICE</u>

3

4       I, Christopher Varas, hereby certify that on October 7, 2019, I caused

5   a true and correct copy of the foregoing FCA US LLC'S AMENDED

    ANSWER AND COUNTERCLAIMS FOR CANCELLATION to be filed

6   with the Court using the CM/ECF system, which will send notification of

7   such filing to CM/ECF participants.

8

9                          */s/ Christopher T. Varas*_____
10                          Christopher T. Varas

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



FCA'S AMENDED ANSWER AND
COUNTERCLAIMS FOR
CANCELLATION  - 1 -
Case No. 2:18-cv-01493-RAJ

Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue, Suite 3700 Seattle, WA 98101
206-467-9600