HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| BLUETOOTH SIG, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No. 2:18-cv-01493<br><br>**BLUETOOTH SIG, INC.'S ANSWER TO FCA US LLC'S COUNTERCLAIMS FOR CANCELLATION** |

Plaintiff Bluetooth SIG, Inc. ("Plaintiff" and/or the "SIG") hereby responds to Defendant FCA US LLC's ("Defendant" and/or "FCA") Counterclaims for Cancellation filed on October 7, 2019 (ECF No. 53). The SIG does not respond to the headers in FCA's Counterclaims. The use of the headers of the Counterclaims in this Answer is done solely for convenience, and in no way constitutes an admission of any allegation contained in such headers. The SIG denies any and all allegations that are not expressly admitted. With respect to each of the individually numbered paragraphs of the Counterclaims, the SIG answers as follows.

THE SIG'S ANSWER TO FCA'S
COUNTERCLAIMS FOR CANCELLATION
No. 2:18-cv-01493

BROWN RUDNICK LLP
601 THIRTEENTH STREET NW, SUITE 600
WASHINGTON, DC 20005
(202) 536-1700

**FACTS COMMON TO ALL GROUNDS FOR CANCELLATION**

1. The SIG admits the allegations in Paragraph 1 of the Counterclaims.

2. The SIG denies the allegations in Paragraph 2 of the Counterclaims.

**Prosecution History of the BLUETOOTH Certification Marks**

3. The SIG admits the allegations in Paragraph 3 of the Counterclaims.

4. The SIG admits the allegations in Paragraph 4 of the Counterclaims.

5. The SIG admits that the Trademark Examining Attorney assigned to the applications to register the BLUETOOTH Marks initially refused registration of the BLUETOOTH word mark pursuant to Section 2(e)(1), 15 U.S.C. § 1052(e)(1), and that Paragraph 5 of the Counterclaims purports to contain excerpts of a document identified as Exhibit 1. To the extent that Paragraph 5 purports to quote, paraphrase, or characterize a document, that document speaks for itself and the SIG denies any characterization of that document contained in this paragraph.

6. The SIG admits that it had not overcome the Trademark Examining Attorney's objections by September 27, 2001, and that Paragraph 6 of the Counterclaims purports to contain references to a document identified as Exhibit 2. To the extent that Paragraph 6 purports to quote, paraphrase, or characterize a document, that document speaks for itself and the SIG denies any characterization of that document contained in this paragraph.

7. The SIG admits that it amended its applications to seek registration of the BLUETOOTH and BLUETOOTH & Design marks as certification marks, and that Paragraph 7 of the Counterclaims purports to contain excerpts of a document identified as Exhibit 3. To the extent that Paragraph 7 purports to quote, paraphrase, or characterize a document, that document speaks for itself and the SIG denies any characterization of that document contained in this paragraph.

8. The SIG admits the allegations in Paragraph 8 of the Counterclaims.

THE SIG'S ANSWER TO FCA'S
COUNTERCLAIMS FOR CANCELLATION
NO. 2:18-CV-01493

2.

BROWN RUDNICK LLP
601 THIRTEENTH STREET, NW, SUITE 600
WASHINGTON, DC 20005
(202) 536-1700

**Prosecution History of the Design Mark**

9. The SIG admits that Paragraph 9 of the Counterclaims purports to contain excerpts of a document identified as Exhibit C to Dkt. 1. To the extent that Paragraph 9 purports to quote, paraphrase, or characterize a document, that document speaks for itself and the SIG denies any characterization of that document contained in this paragraph. The SIG admits the remaining allegations in Paragraph 9 of the Counterclaims.

10. The SIG admits that on February 26, 2018, it submitted a combined declaration of use and renewal of registration for its Design Mark, and that Paragraph 10 of the Counterclaims purports to contain excerpts of documents identified as Exhibits 4 and 5. To the extent that Paragraph 10 purports to quote, paraphrase, or characterize documents, those documents speak for themselves and the SIG denies any characterization of those documents contained in this paragraph.

11. The SIG admits that on March 24, 2018, the Post Registration Division of the USPTO issued an Office Action rejecting the SIG's specimen of use for the goods in Class 12 in its registration for the Design Mark, and that Paragraph 11 of the Counterclaims purports to contain excerpts of a document identified as Exhibit 6. To the extent that Paragraph 11 purports to quote, paraphrase, or characterize a document, that document speaks for itself and the SIG denies any characterization of that document contained in this paragraph.

12. The SIG admits that Paragraph 12 of the Counterclaims purports to contain excerpts of a document identified as Exhibit 7. To the extent that Paragraph 12 purports to quote, paraphrase, or characterize a document, that document speaks for itself and the SIG denies any characterization of that document contained in this paragraph. The SIG denies the remaining allegations in Paragraph 12 of the Counterclaims.

13. The SIG admits that Paragraph 13 of the Counterclaims purports to contain excerpts of a document identified as Exhibit 7. To the extent that Paragraph 13 purports to

THE SIG'S ANSWER TO FCA'S
COUNTERCLAIMS FOR CANCELLATION                3.
NO. 2:18-CV-01493

BROWN RUDNICK LLP
601 THIRTEENTH STREET, NW, SUITE 600
WASHINGTON, DC 20005
(202) 536-1700

1  quote, paraphrase, or characterize a document, that document speaks for itself and the SIG denies
2  any characterization of that document contained in this paragraph.

3      14.    The SIG admits the allegations in Paragraph 14 of the Counterclaims.

**Plaintiff's Failure to Control the Use of the BLUETOOTH Marks**

    15.    The SIG denies the allegations in Paragraph 15 of the Counterclaims.

    16.    The SIG denies the allegations in Paragraph 16 of the Counterclaims.

**Plaintiff's Engagement in the Production or Marketing of Goods or Services to Which One or More of Its Certification Marks Are Applied**

    17.    The SIG admits that Paragraph 17 of the Counterclaims purports to contain references to a document identified as Exhibit 4. To the extent that Paragraph 17 purports to quote, paraphrase, or characterize a document, that document speaks for itself and the SIG denies any characterization of that document contained in this paragraph.

    18.    The SIG states that Paragraph 18 of the Counterclaims sets forth conclusions of law, such that no response is required. To the extent a response is required, the SIG denies the allegations in Paragraph 18.

    19.    The SIG admits that Paragraph 19 of the Counterclaims purports to contain references to a document identified as Exhibit 5. To the extent that Paragraph 19 purports to quote, paraphrase, or characterize a document, that document speaks for itself and the SIG denies any characterization of that document contained in this paragraph. The SIG denies the remaining allegations in Paragraph 19 of the Counterclaims.

    20.    The SIG states that Paragraph 20 of the Counterclaims sets forth conclusions of law, such that no response is required. To the extent a response is required, the SIG denies the allegations in Paragraph 20.

## FIRST COUNTERCLAIM FOR CANCELLATION

**(U.S. Reg. Nos. 2,909,356 and 2,911,905)**

**FAILURE TO CONTROL THE USE OF A CERTIFICATION MARK UNDER 15 U.S.C. § 1064(5)(A)**

21. The SIG incorporates by reference the preceding paragraphs of this Answer as if set forth fully herein.

22. The SIG states that Paragraph 22 of the Counterclaims sets forth conclusions of law, such that no response is required.

23. The SIG denies the allegations in Paragraph 23 of the Counterclaims.

24. The SIG denies the allegations in Paragraph 24 of the Counterclaims.

25. The SIG denies the allegations in Paragraph 25 of the Counterclaims.

## SECOND COUNTERCLAIM FOR CANCELLATION

**(U.S. Reg. No. 3,389,311)**

**ABANDONMENT UNDER 15 U.S.C. § 1064(3)**

26. The SIG incorporates by reference the preceding paragraphs of this Answer as if set forth fully herein.

27. The SIG states that Paragraph 27 of the Counterclaims sets forth conclusions of law, such that no response is required.

28. The SIG states that Paragraph 28 of the Counterclaims sets forth conclusions of law, such that no response is required.

29. The SIG denies the allegations in Paragraph 29 of the Counterclaims.

30. The SIG denies the allegations in Paragraph 30 of the Counterclaims.

31. The SIG denies the allegations in Paragraph 31 of the Counterclaims.

**THE SIG'S ANSWER TO FCA'S COUNTERCLAIMS FOR CANCELLATION**
**NO. 2:18-CV-01493**

5.

BROWN RUDNICK LLP
601 THIRTEENTH STREET, NW, SUITE 600
WASHINGTON, DC 20005
(202) 536-1700

## THIRD COUNTERCLAIM FOR CANCELLATION

**(U.S. Reg. Nos. 2,909,356 and 2,911,905)**

**ENGAGING IN THE PRODUCTION OR MARKETING OF GOODS OR SERVICES TO WHICH A CERTIFICATION MARK IS APPLIED UNDER 15 U.S.C. § 1064(5)(B)**

32. The SIG incorporates by reference the preceding paragraphs of this Answer as if set forth fully herein.

33. The SIG states that Paragraph 33 of the Counterclaims sets forth conclusions of law, such that no response is required.

34. The SIG admits that Paragraph 34 of the Counterclaims purports to contain references to and excerpts of documents identified as Exhibits 4 and 5. To the extent that Paragraph 34 purports to quote, paraphrase, or characterize documents, those documents speak for themselves and the SIG denies any characterization of those document contained in this paragraph. The SIG is not required to respond to the conclusion of law set forth in Paragraph 34 of the Counterclaims.

35. The SIG denies the allegations in Paragraph 35 of the Counterclaims.

36. The SIG denies the allegations in Paragraph 36 of the Counterclaims.

37. The SIG denies the allegations in Paragraph 37 of the Counterclaims.

THE SIG'S ANSWER TO FCA'S COUNTERCLAIMS FOR CANCELLATION
No. 2:18-CV-01493

6.

BROWN RUDNICK LLP
601 THIRTEENTH STREET, NW, SUITE 600
WASHINGTON, DC 20005
(202) 536-1700

| | |
|---|---|
| Dated:  October 28, 2019 | */s/ Peter J. Willsey*<br>Peter J. Willsey (*pro hac vice*)<br>Vincent J. Badolato (*pro hac vice*)<br>BROWN RUDNICK LLP<br>601 Thirteenth Street NW, Suite 600<br>Washington, DC  20005<br>Tel.: (202) 536-1700<br>Email:  pwillsey@brownrudnick.com<br>            vbadolato@brownrudnick.com<br><br>Honieh Udenka (*pro hac vice*)<br>BROWN RUDNICK LLP<br>2211 Michelson Drive, Suite 700<br>Irvine, CA 92612<br>Tel.: (949) 440-0238<br>Email: hudenka@brownrudnick.com<br><br>Stephanie Calnan (*pro hac vice*)<br>BROWN RUDNICK LLP<br>One Financial Center, 18th Floor<br>Boston, MA 02111<br>Tel.: (617) 856-8149<br>Email: scalnan@brownrudnick.com<br><br>*/s/ Christopher B. Durbin*<br>Christopher B. Durbin (WSBA #41159)<br>Jeffrey D. Lombard (WSBA #50260)<br>COOLEY LLP<br>1700 Seventh Avenue, Suite 1900<br>Seattle, WA 98101-1355<br>Tel.: (206) 452-8700<br>Email: cdurbin@cooley.com<br>            jlombard@cooley.com<br><br>*Attorneys for Plaintiff* BLUETOOTH SIG, INC. |

**THE SIG'S ANSWER TO FCA'S COUNTERCLAIMS FOR CANCELLATION**
**No. 2:18-cv-01493**

7.

BROWN RUDNICK LLP
601 THIRTEENTH STREET, NW, SUITE 600
WASHINGTON, DC 20005
(202) 536-1700

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2019, I caused a true and correct copy of the foregoing BLUETOOTH SIG, Inc.'s Answer to FCA US LLC's Counterclaims for Cancellation to be filed with the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants.

    */s/ Christopher B. Durbin*
    Christopher B. Durbin

THE SIG'S ANSWER TO FCA'S COUNTERCLAIMS FOR CANCELLATION
NO. 2:18-CV-01493

8.

BROWN RUDNICK LLP
601 THIRTEENTH STREET, NW, SUITE 600
WASHINGTON, DC 20005
(202) 536-1700