UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLUETOOTH SIG, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 2:18-cv-01493-TL<br><br>ORDER GRANTING STAY |

### I.   INTRODUCTION

This matter comes before the Court on Defendant's Motion to Stay Proceedings Pending Appeal. Dkt. No. 210. On May 13, 2021, the Court granted Defendant's request for certification to file an interlocutory appeal of the Court's denial of summary judgement on its "first sale" doctrine affirmative defense. Dkt. No. 208. In its order granting the certificate of appealability, the Court found that the question of whether Defendant can bring the "first sale" affirmative defense under the circumstances presented in this case "raises novel and difficult questions of first impression . . . . [upon which] 'fair-minded jurists might reach contradictory conclusions.'"

ORDER GRANTING STAY - 1

*Id.* at 3. The Court further concluded that "as an affirmative defense, its resolution [on appeal] may be dispositive, materially advancing the termination of the case." *Id.* at 4. Since filing this motion to stay, the parties have perfected their appeal, which is now pending before the Ninth Circuit Court of Appeals and is scheduled for oral argument on March 10, 2022.

Having considered the submissions of the parties and applicable law, the Court finds that oral argument is unnecessary. For the reasons below the Court GRANTS the motion and STAYS all proceedings pending resolution of the interlocutory appeal.

## II. LEGAL STANDARD

The filing of an interlocutory appeal does not automatically stay proceedings in the district court. *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972). However, the district court has broad discretion to enter a stay. *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

In determining if a stay pending appeal is appropriate, the "traditional" standard applied by courts considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Rittmann v. Amazon.com, Inc.*, 2019 WL 2475791, at *1 (W.D. Wash. June 13, 2019).

But ultimately, the Court maintains broad discretion in deciding whether "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979); *see also Rittmann*, 2019 WL 2475791, at *1 (citing *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997)). In exercising its

discretion, the district court evaluates the competing interests that will be affected by a stay: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Filtrol Corp.*, 467 F.2d at 244.

### III.  DISCUSSION

Plaintiff relies on the "traditional" stay standard while Defendant focuses on the Court's broad discretion to promote economy for the court, counsel, and litigants. *Compare* Dkt. No. 211 at 3-5 *with* Dkt. No. 210 at 3-5. But the two approaches significantly overlap. Under either party's preferred analytical approach, the Court finds that a stay is appropriate in this case.

**A.    Likelihood of Success on Appeal**

As the Court previously noted, whether the "first sale" defense is available in an incorporated-product case is a matter of first impression in this circuit. Dkt. No. 208 at 4. While the Ninth Circuit has not yet squarely ruled on this issue, it has previously cited with favor, albeit in dicta, several decisions from other district courts applying the doctrine in similar incorporated-product cases. *Id.* at 5 (citing *Au-Tomotive Gold Inc. v. Volkswagen of America, Inc.*, 603 F.3d 1133, 1137 (9th Cir. 2010)). Accordingly, there is a strong likelihood of Defendant receiving a favorable decision on appeal.

**B.    Potential Injury from Granting or Denying a Stay**

The potential for irreparable harm to Defendant without a stay outweighs the injury Plaintiff may suffer if the Court grants the stay. Defendant argues that it will be irreparably harmed without a stay if a jury trial results in an injunction requiring it to immediately effect a change in its business practices, only to later prevail on appeal. Dkt. No. 212 at 5. On the other hand, Plaintiff argues that a stay will unfairly prolong the proceedings, allowing the Defendant to

continue to engage in the alleged infringing activity. Dkt. No. 211 at 5. Discovery has been completed so there will presumably be no issue with preserving evidence. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962). As such, it is unclear to the Court how issuing a stay at this juncture—essentially maintaining the *status quo*—would harm the Plaintiff's position in any way. If Plaintiff prevails at trial, it will be able to seek prospective injective relief and redress for whatever monetary damages it has incurred, whether the trial takes place tomorrow or two years from now. *See id.* (mere delay in recovery of potential relief by plaintiff is insufficient to demonstrate irreparable damage); *see also Garrison v. Asotin Cty.*, 2009 WL 10704349, at *2 (E.D. Wash. Feb. 11, 2009) (same). The balance of hardships in this case clearly weighs toward issuing a stay.

C.      **Public Interest in the Orderly Course of Justice**

Finally, the public's interest in judicial economy also weighs in favor of granting a stay. *See Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 2015 WL 10791930, at *3 (C.D. Cal. Nov. 5, 2015) (reasoning "that staying th[e] case will protect and promote judicial economy. . . . [when] the outcome of the pending appeal . . . could resolve the matter without incident or result in a nullity"). As previously noted, here the Ninth Circuit's decision may be dispositive. Even if not dispositive, it could significantly alter the contours of this case for trial.

Plaintiff alleges in its response to the motion to stay that the "first sale" doctrine is only applicable where there is no likelihood of confusion so that the outcome of the appeal may not be dispositive. Dkt. No. 211 at 4. However, the Ninth Circuit has rejected the argument that the "first sale" doctrine does not apply when resale by the first purchaser under the producer's trademark creates a likelihood of consumer confusion: "[w]hen a purchaser resells a trademarked article under the producer's trademark, and nothing more, there is no actionable misrepresentation under the statute." *Sebastian Intl. Inc. v. Longs Drug Stores Corp.*, 53 F.3d

ORDER GRANTING STAY - 4

1073, 1076 (9th Cir. 1995). This is not to say that the issue of confusion may not be relevant to the "first sale" doctrine. *See Au-Tomotive Gold Inc.*, 603 F.3d 1133. Therefore, the ruling from the Ninth Circuit under the facts of this case may "provide guidance to this court and [may] avoid unnecessary litigation." *Jenkins v. Vail*, 2009 WL 3415902, at *1 (E.D. Wash. Oct. 21, 2009) (granting stay). Should this case proceed to trial in the interim and resolve in Plaintiff's favor, a favorable holding for the Defendant from the Ninth Circuit would likely necessitate a retrial, wasting this Court's and the parties' resources. Staying the proceedings until the appeal is resolved will allow the case to proceed confidently and efficiently to a comprehensive resolution.

### IV. Conclusion

For the reasons stated above, the Court GRANTS the Defendant's motion and STAYS all proceedings until further order of the Court. The parties shall file with the Court a joint status report within **fourteen (14) days** of resolution of the pending appeal.

Dated this 24th day of February 2022.

Tana Lin
United States District Judge