UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLUETOOTH SIG, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 2:18-cv-01493-TL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REMOTE EXAMINATION OF TRIAL WITNESSES |

This matter is before the Court on Defendant FCA US, LLC's ("FCA") Motion for Leave to Permit Witnesses to Appear at Trial by Remote Means. Dkt. No. 225. Plaintiff Bluetooth SIG, Inc. ("Bluetooth"), raises several claims of trademark infringement (Dkt. No. 1), and FCA asserts several equitable defenses and makes counterclaims for cancellation of Bluetooth's marks. Dkt. No. 53. This case was originally scheduled for trial in February 2020, was reset to June 2020 by stipulated request of the Parties, and then was further delayed due to the COVID-19 pandemic and an interlocutory appeal of the Court's order on the Parties' cross motions for summary judgment. *See* Dkt. Nos. 51, 146, 203, 208, 220. The case is currently set for trial on March 13,

2023. Dkt. No. 224. Having considered the Parties' briefing and the relevant record, the Court DENIES Defendant's motion.

The Court has discretion under the Federal Rules of Civil Procedure, "[f]or good cause in compelling circumstances and with appropriate safeguards, [to] permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43.

FCA's request for permission to produce some of its witnesses virtually at trial is predicated on its intent to call representatives from several third-party companies who all reside more than 100 miles from Seattle, Washington, where the trial is to be held. Dkt. No. 225 at 6-7. FCA notes that it has secured commitments from all but one of the companies to make the witnesses available to testify in person but fears that unpredictable changes in circumstances, such as health concerns related to the ever-evolving COVID-19 global pandemic, could arise that would prevent the witnesses from being able to travel for the trial. *Id.* at 9. Additionally, FCA believes good cause exists to allow a representative from Nissan to appear remotely for "the central purpose" of authenticating communications between Bluetooth and Nissan that were produced during discovery because Bluetooth refuses to stipulate to the authenticity of the documents.[1] *Id.* at 6; Dkt. No. 230 at 2. Nissan has not committed to providing a representative witness to travel to Seattle for the trial in March 2023. *Id.* FCA appears to believe that removing

---

[1] On this point, Bluetooth asserts that the documents FCA intends for Nissan to authenticate include "a series of cherry-picked emails from an incomplete compilation of correspondence between Nissan and the SIG taken out of a much broader context." Dkt. No. 228 at 7. But Bluetooth does not appear to challenge the authenticity of the documents themselves, and the argument seems to involve the rule of completeness rather than authenticity. If the Nissan representative's testimony will truly go solely to authenticity, it is hard for the Court to understand why either Party would want to force the Court and the jury to sit through such testimony. On the other hand, the Court notes the equivocal language FCA uses in describing the testimony they intend to illicit from the Nissan representative: "central purpose" and "primarily." Dkt. Nos. 225 at 7, 230 at 2, 6. *See also* Dkt. No. 225-1 ¶ 9 (indicating that Nissan will testify "mainly" to authenticate business records). The Court strongly encourages the Parties to continue to confer in good faith to determine whether such testimony is truly necessary or if a compromise position can be reached regarding the broader context of documents.

the travel burden might prompt Nissan to commit to providing a witness to authenticate the documents. *Id.*

On these facts, the Court finds that FCA fails to present good cause in a compelling circumstance to permit remote examination of any of its listed witnesses. As the Court has previously recognized, "the hybrid trial format has become more common in the past few years." Dkt. No. 224 at 2. That said, the Court still requires an appropriate showing of good cause to allow a witness to appear remotely. Here, FCA claims that the inconvenience and expense of travel for Nissan warrants good cause, but trials are inherently inconvenient and expensive. Nissan was apparently willing to send a witness to Seattle to testify in June 2020. Dkt. No. 225-1 ¶¶ 3-4. As far as the Court can tell, the only difference between then and now is time. If anything, there are even less COVID restrictions in place now than there would have been in 2020. While the Court is sensitive to concerns related to the health and safety of witnesses, most general COVID-related travel and occupancy restrictions have been lifted throughout the country and within the courthouse.

FCA has not indicated any currently present circumstances that would limit any of the confirmed third-party witnesses' ability to attend the trial in person. FCA's speculative fear of possible changes in circumstances is insufficient to meet its burden at this time. The Court recognizes that the speculative nature of FCA's request is likely due to its effort to meet the Court ordered December 8 deadline for "[m]otions related to the appearance of witnesses by alternate means." Dkt. No. 224 at 2. In May 2022, when the Court entered its amended schedule setting the December deadline, many COVID-related restrictions were still in place. The Court anticipated that such a motion might be warranted on a more general basis for both parties if the restrictions persisted or worsened as the trial date approached. That has not been the case. Still, the Court recognizes that it is impossible to anticipate every eventuality. Thus, if specific

circumstances do change for any of the individual witnesses warranting remote examination, the Court will entertain a future motion despite the previous deadline.

Accordingly, the Court DENIES FCA's motion for leave to present witnesses remotely at trial. Dkt. No. 225.

Dated this 20th day of January 2023.

Tana Lin
United States District Judge