UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BLUETOOTH SIG, INC., a Delaware corporation,<br><br>                    Plaintiff,<br>        v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>                    Defendant. | CASE NO. 2:18-cv-01493-TL<br><br>ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE |

This matter comes before the Court on Plaintiff Bluetooth SIG, Inc.'s unopposed motion to seal its omnibus motion *in limine* and a supporting exhibit (Dkt. No. 236) as well as Defendant FCA US LLC's unopposed motion to seal portions of its own motions *in limine* and several supporting exhibits (Dkt. No. 241). Having reviewed the relevant record and governing law, the Court DENIES the motions.

///

///

ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE - 1

# I. BACKGROUND

In brief, this case concerns Plaintiff's trademark licensing agreements. The Parties stipulated to a protective order that allows them to designate documents containing trade secrets or other confidential or proprietary information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." Dkt. No. 31 at 2–3.

# II. LEGAL STANDARD

There is a strong presumption of public access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal records related to motions that are dispositive or otherwise "more than tangentially related to the merits of a case," must "meet the high threshold of showing that 'compelling reasons' support secrecy." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–99, 1102 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1180 (internal citation omitted). "[P]lenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1099.

# III. DISCUSSION

Local Civil Rule 5(g) expressly incorporates the strong presumption of public access, requiring motions to seal to include "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal." LCR 5(g)(3)(B). The party's reasoning must, at minimum, include an explanation of "the legitimate private or public interests that warrant the relief sought"; "the injury that will result if the relief sought is not granted"; and "why a less restrictive alternative to the relief sought is not sufficient." *Id*. Where, as here, a stipulated protective order is in place (*see* Dkt. No. 31), a party wishing to file a confidential document obtained from another party during discovery "may file a motion to seal" but need not satisfy the

requirements of the local rules. *Id*. "Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion." *Id*.

The Court has previously warned the Parties that it "cannot allow documents to remain under seal unless the parties better articulate their reasons for doing so." Dkt. No. 148 (order striking prior motions to seal (citing *Apple Inc., v. Phystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011))). The instant motions include scant reasoning to justify a denial of public access, providing conclusory statements of the interests warranting sealing and no information as to why alternatives to sealing are insufficient. *See* Dkt. Nos. 236, 241. Additionally, neither party filed responses as required under LCR 5(g)(3)(B) to support why the documents they themselves designated as confidential should be filed under seal. In short, as with the prior motions to seal, the Parties have not complied with LCR 5(g)(3)(B).

## IV. Conclusion

For the above reasons, the Court DENIES the motions to seal (Dkt. Nos. 236, 241) WITHOUT PREJUDICE. The Parties have leave to re-file their motions in accordance with this Order **within three (3) days**.

Dated this 8th day of February 2023.

Tana Lin
United States District Judge